

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900　　**MAIN**
212.484.3990　　**FAX**

afslaw.com

**Russell P. McRory**
Partner
212.484.3942　　**DIRECT**
russell.mcrory@afslaw.com

February 16, 2026

VIA ECF

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

　　Re:　Luxury Cars of Bayside, Inc. v. BMW of North America, LLC, Case No. 2:26-cv-00163-JMA-JMW

Dear Judge Azrack:

Plaintiff Luxury Cars of Bayside, Inc. d/b/a BMW of Manhasset ("Manhasset") respectfully submits this opposition to BMW of North America, LLC's ("BMW") letter requesting a pre-motion conference. [Dkt. No. 4]. BMW's proposed motion to dismiss lacks merit and its request for a pre-motion conference should be denied. BMW's mootness argument ignores that Manhasset seeks substantial money damages for BMW's breaches, its ADR argument is foreclosed by the plain language of the Dealer Act, and its pleading challenge to the allocation claim disregards the specific factual allegations in the Complaint.

**Factual Background**

Manhasset and BMW entered into a Letter of Intent ("LOI") concerning the construction and renovation of sales and service facilities in Manhasset and Great Neck. Compl. ¶¶ 1, 29. The LOI gives Manhasset the right to request extensions of applicable construction deadlines and requires BMW to act in good faith and not unreasonably withhold consent to any extension requests. *Id*. ¶¶ 31–33. Despite Manhasset's diligence, unexpected delays arose, including the need to replace the entire marine bulkhead along Manhasset Bay. *Id*. ¶¶ 38, 43. On June 24, 2025, Manhasset requested an extension of the July 31, 2025 deadline to December 31, 2025, which BMW unreasonably refused to extend by letter dated August 26, 2025, in breach of the LOI. BMW also breached the LOI by withholding price discounts under its AVP program after refusing to grant the extension, withholding over $400,000 through December 2025 alone, and continuing to withhold those discounts to this day. *Id*. ¶¶ 57, 81. BMW's actions also violated the Dealer Act's price discrimination prohibition and its prohibition against unfair allocation. *See* N.Y. Veh. & Traf. L. § 463(2)(g) & § 463(2)(jj).

**Smart In
Your World®**

**Counts I-III Are Not Moot Because Manhasset Seeks Money Damages for Past Breaches**

BMW argues that Counts I-III are moot, because the requested December 31, 2025 deadline has now passed. This argument fundamentally misapprehends the mootness doctrine. The mootness inquiry asks whether the court can grant *any* effectual relief to the plaintiff. Manhasset seeks money damages; specifically, the hundreds of thousands of dollars in AVP discounts BMW has wrongfully withheld, and continues to withhold, since September 2025. A money judgment is quintessential effectual relief, and claims for damages are never rendered moot by the passage of a deadline. *See Lipscomb v. Hufford*, No. 14-civ-6562, 2017 WL 3267732, at *5 (S.D.N.Y. July 28, 2017) ("Plaintiff's claims for damages, however, survive this mootness analysis."); *Mendoza-Lebron v. Adams*, No. 24-cv-05154, 2025 WL 1920365, at *6 (E.D.N.Y. July 11, 2025) (damages claims not moot even where declaratory and injunctive relief claims were moot).

BMW is not actually arguing that the case is moot. Instead, it is arguing that Manhasset suffered no harm from the denial because even if BMW granted the extension, Manhasset could not have met the December 31, 2025 deadline. That is a *causation defense on the merits*, not a jurisdictional mootness argument, and it is not appropriately resolved on a motion to dismiss. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (distinguishing jurisdictional questions from merits questions). BMW's breach occurred in August 2025 when it unreasonably denied the extension request. Damages began accruing immediately when BMW withheld AVP discounts starting in September 2025. The *subsequent* discovery that the bulkhead replacement had caused structural damage to the Service Facility's foundation and walls—damage whose scope was only understood after the bulkhead work was completed—was a new and unforeseen event that does not retroactively justify BMW's earlier refusal or negate the money damages already suffered. Whether Manhasset would have been entitled to another extension due to the foundation damage is a factual question for discovery. To the extent the need for a further extension is relevant, it only means that Manhasset will likely be filing a supplemental complaint to capture BMW's ongoing and continuing contractual breaches and statutory violations. *See* Fed. R. Civ. P. 15(d).

BMW's cited authorities support Manhasset. In *AstraZeneca AB v. Impax Labs., Inc.*, 490 F. Supp. 2d 368, 374 (S.D.N.Y. 2007), the court *rejected* the defendant's mootness argument and held that a party seeking damages may maintain a cause of action past the expiration of the relevant deadline. *Doe v. Lauper*, 2025 WL 2958747 (S.D.N.Y. Oct. 7, 2025), is inapposite—there, a bankruptcy court had issued a discharge extinguishing the underlying obligation. No analogous event has occurred here. And *Barnes v. Hochul*, No. 9:23-cv-1490, 2025 WL 2548800, at *4 (N.D.N.Y. June 13, 2025), involved claims for *prospective injunctive relief* tied to expired government deadlines—not damages claims for past breaches.

**The Franchise Agreement's ADR Provisions are Unenforceable Under the Dealer Act**

BMW argues that Manhasset's allocation claim (Count IV) must be dismissed because Manhasset failed to mediate its allocation claim under the Center Agreement. This argument is foreclosed by the plain language of the Dealer Act, whose prohibitions apply "notwithstanding the terms of any franchise contract." Dealer Act § 463(2). Section 463(2)(x)(2) prohibits any franchise agreement provision which "specifies the jurisdiction, venues or tribunals in which disputes arising with respect to the franchise…shall or shall not be submitted for resolution or otherwise prohibits a

2

franchised motor vehicle dealer from bringing an action in a particular forum otherwise available." A mandatory mediation clause that conditions a dealer's right to bring suit on prior completion of a manufacturer-controlled ADR process is precisely the type of forum restriction the Dealer Act prohibits.[1] BMW's cases—*Westinghouse*, *Archstone and MCC*—all involved general commercial disputes where no statute expressly invalidated contractual ADR provisions. None involved the Dealer Act's specific statutory override.

**Manhasset's Allocation Claim is Well Pleaded Under Rule 8 and Twombly/Iqbal**

The plausibility standard under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is "not akin to a 'probability requirement'"—it requires only enough factual content to draw a reasonable inference of liability. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*). Manhasset's Complaint alleges that: (1) BMW's allocation system is based on a dealer's sales rate and available inventory (Compl. ¶ 74); (2) despite Manhasset's strong sales, Manhasset received fewer and less desirable vehicles than favored Long Island dealers (¶¶ 75-76); (3) BMW tips the scales to benefit favored dealers (¶ 77); and (4) as a specific example, during the Christmas season, favored dealers received outsized allocations of the popular X5 model while Manhasset was primarily allocated the less popular X3 (¶¶ 78–79). These are factual allegations stating a plausible claim under Dealer Act § 463(2)(jj). *See Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,* 244 F.R.D. 204, 221-222 (S.D.N.Y. 2007) (denying motion to dismiss Dealer Act claims).

BMW's demand for granular allocation formulas, dealer-by-dealer comparisons, and internal methodology seeks discovery-level detail at the pleading stage. The allocation system's internal workings are within BMW's exclusive control and Manhasset separately alleges that BMW failed to communicate its methodology as Dealer Act § 463(2)(jj) requires. Compl. ¶ 117. BMW cannot withhold its methodology and then fault Manhasset for not pleading its intricacies. Even if the Court found the allocation claim insufficiently pleaded, leave to amend should freely be granted. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 731 F. Supp. 2d 316, 321 (E.D.N.Y. Aug. 5, 2010).

**Conclusion**

For the foregoing reasons, BMW's proposed motion to dismiss is without merit. The Court should deny BMW's request for a pre-motion conference. BMW's request to stay discovery must be raised in a separate motion, as the Court has already instructed. *See* Order dated February 11, 2026.

---

[1] Manhasset did mediate its contract claims under the LOI prior to commencing this action because contract claims are not Dealer Act claims. Compl. ¶ 62.

Respectfully submitted,

Russell P. McRory

cc: All counsel of record by ECF