**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LUXURY CARS OF BAYSIDE, INC. d/b/a
BMW OF MANHASSET,

                                              *Plaintiff,*


                -against-


BMW OF NORTH AMERICA, LLC,

                                              *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
**CLERK**
**3/3/2026**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

26-cv-00163 (JMA) (JMW)

**A P P E A R A N C E S:**

Russell P. McRory
Charles A. Gallaer
Shayshari S. Potter
**ArentFox Schiff LLP**
1301 Avenue of the Americas, Fl. 42
New York, NY 10019
*Attorneys for Plaintiff*

Eddy Salcedo
**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, NY 10018

        -and-

James C. McGrath
Lisa Haines
**Seyfarth Shaw LLP**
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210
*Attorneys for Defendant*

**WICKS**, Magistrate Judge:

Plaintiff Luxury Cars of Bayside d/b/a BMW of Manhasset ("Plaintiff") commenced this action against Defendant BMW of North America, LLC ("Defendant") alleging claims for breach of the parties' Letter of Intent ("LOI"), and violations of the Franchised Motor Vehicle Dealer Act. (known as N.Y. Veh. & Traf. Law § 460 *et seq.*, but referenced herein as the "Dealer Act"), for refusing to approve extensions under the terms of their agreement and resulting in unlawful withholds of price discounts under its Added Value Program the ("AVP Discounts"). (*See generally*, ECF No. 1-2, Exhibit D.) While this case was only recently removed to this Court on January 12, 2026 (ECF No. 1), there are pre-motion conference letters pending and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motion to dismiss. (*See* ECF Nos. 15, 19, 20-21.) Therefore, before the Court is the Defendant's Motion to Stay Discovery (ECF No. 20), which is opposed by Plaintiff (ECF No. 21), and Defendant's reply (ECF No. 22). For reasons that follow, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 20) is **GRANTED in part** and **DENIED in part**.

**THE LEGAL FRAMEWORK**

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a

2

stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

### ANALYSIS

Consideration of the three factors warrants a partial stay under the circumstances presented. *First*, Defendant has not preliminarily shown through its pre-motion conference letter that a majority of Plaintiff's claims are likely to be found unmeritorious and thus, are likely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]  (*See* ECF Nos. 15, 19.) *Second*, limiting discovery would alleviate the "burden" that Defendant argues. And *third*, given the current posture of this case, the risk of unfair prejudice to Plaintiff is usually deemed low. However, Plaintiff has demonstrated a risk of prejudice. Each of these factors is considered below.

### I.      *Defendant's Showing that Plaintiff's Claims are Unmeritorious*

Defendant anticipates moving to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). While no briefing schedule has been set, Defendant has moved for a pre-motion conference before the Hon. Joan M. Azrack. A review of the pre-motion conference letters illustrates that Plaintiff's claims are unlikely to result in complete dismissal at this stage, warranting only a partial stay at this stage.

---

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed or filed. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate pending resolution of the anticipated motion to dismiss.

The Complaint alleges four counts (i) breach of contract and breach of implied covenant of good faith and fair dealing, (ii) violation of Dealer Act § 466(1), (iii) violation of Dealer Act § 463(2)(g) and (iv) violation of Dealer Act § 463(2)(jj). Each of these claims arise from an alleged breach of the LOI governing Plaintiff's construction, and renovation of its facilities, which in turn would allow for AVP Discounts. (ECF No. 1-2, Exhibit D at 1, 6-7.) Plaintiff alleges that when Defendant refused to extend the terms of the LOI, and unlawfully withhold AVP Discounts, Defendant violated the Dealer Act. (*Id.* at 1.) Likewise, when Defendant refused to extend the terms, it did not act reasonably or in good faith as required by the LOI terms. (*Id.* at 2.)

Defendant argues that the first three claims stem from Plaintiff's requests to extend deadlines that have passed and as such, any relief requested is now moot. (ECF No. 15 at 2.) Defendant further argues that it denied more extensions because pursuant to the LOI, Plaintiff was required to renovate its facilities by certain dates and extensions were only previously granted when supporting documents were provided. (*Id.* at 1.) The latest requests asked for a December 31, 2025 deadline, but Plaintiff to date had not yet completed renovations and thus, could not be eligible for the AVP Discounts. (*Id.*) In contrast, Plaintiff argues that it seeks damages for the harm caused, and as such, the claim may not be moot. (ECF No. 19 at 2.)

"Article III's case-or-controversy requirement is that the case remains 'alive at all stages of judicial proceedings' because '[i]f events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot.'" *Logerfo v. City of New York*, No. 17-CV-00010 (JMA)(AYS), 2020 WL 2307649, at \*5 (E.D.N.Y. May 8, 2020) (citing *Delaware Riverkeeper Network v. New York State Dep't of Envtl. Conservation*, 788 F. App'x 65, 66 (2d Cir. 2019)). In other words, "[t]he duty of an Article III court is to decide live controversies, 'not

4

to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *In re Pugh*, No. 18-CV-06508 (JMA), 2020 WL 2836823, at *3 (E.D.N.Y. May 31, 2020) (quoting *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993)). Simply put, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Doe v. Hochul*, 139 F.4th 165, 184 (2d Cir. 2025) (citation omitted).

Here, it appears that as pleaded the case is not moot. Plaintiff seeks relief in the form of damages and attorneys' fees. "The availability of monetary damages prevents dismissal for mootness." *See Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 509 (D. Conn. 2002). In addition, Plaintiff argues that the loss of AVP Discounts continues to cause financial harm and competitive disadvantages, leading to on-going damages. (ECF No. 21 at 1, 11.) Therefore, the mootness argument will not likely result in dismissal.

Next, Defendant argues that Count IV (violation of Dealer Act § 463(2)(jj))[2] is subject to mandatory pre-suit mediation pursuant to their agreement, and Plaintiff has not exhausted that route. (ECF No. 15 at 3.) Given this, it is likely that this claim may be dismissed. *See Archstone Dev. LLC v. Renval Constr. LLC*, 67 N.Y.S.3d 7, 8 (N.Y. App. Div. 1st Dep't 2017) ("The motion court correctly dismissed the breach of contract claim on the ground that plaintiff failed to satisfy a condition precedent [of mediation] required for bringing suit.") While this may be true, "an agreement to submit a dispute to mediation and arbitration is not a defense to an action, and, thus, may not be the basis for a motion to dismiss a complaint based on documentary

---

[2] This provision states that "[i]t shall be unlawful for any franchisor, notwithstanding the terms of any franchise contract: [t]o utilize a discriminatory, unreasonable, arbitrary or unfair system of allocation of new motor vehicle inventory. A franchisor shall communicate its system of allocation in writing in a clear and concise manner to all same line-make dealers located in this state." N.Y. Veh. & Traf. Law § 463(2)(jj).

evidence." *C & M 345 N. Main St., LLC v. Nikko Const. Corp.*, 946 N.Y.S.2d 241, 242 (N.Y. App. Div. 2d Dep't 2012); *Allied Bldg. Inspectors Int'l Union of Operating Eng'rs, Loc. Union No. 211, AFL-CIO v. Off. of Lab. Rels. of City of New York*, 380 N.E.2d 303, 305 (N.Y. 1978) (same).

Next, generally to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Here, Defendant generally avers that Plaintiff's allegations are conclusory (ECF No. 15 at 3) notwithstanding Plaintiff outlining specific allegations in the Complaint supporting the claims. (ECF No. 19 at 3.) Count One seeks relief for breach of contract and for the implied covenant of good faith and fair dealing. As an initial matter, a plaintiff may not plead both types of claims as they are duplicative when the conduct alleged to both is one of the same. *See Gray v. Toyota Motor Sales, U.S.A., Inc.*, 806 F. Supp. 2d 619, 624 (E.D.N.Y. 2011) ("Plaintiffs' claim that Defendant breached the implied covenant of good faith and fair dealing is duplicative of their breach of contract claim and must be dismissed.") In New York, the implied covenant of good faith is embedded within every contract. *See Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995) ("Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance.") With that, "a claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the

6

implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id.* (citing *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243–44 (S.D.N.Y.1997)). Here, there are no distinct allegations from the breach of implied covenant and that of the breach of contract claim. (*See* ECF No. 1-2, Exhibit D at 15-16.) Indeed, Plaintiff lumps the two claims together under Count One.

Moreover, to adequately plead a breach of contract claim under New York law, the complaint must include allegations that (i) a contract was formed between the parties, (ii) plaintiff performed on that contract, (iii) defendant failed to perform, and (iv) resulting damages. *See Ben Ciccone, Inc. v. Naber Elec. Corp.*, 186 N.Y.S.3d 301, 303 (N.Y. App. Div. 2d Dep't 2023).

There is no dispute between the parties that an agreement was formed. Plaintiff also alleges that it performed its obligations pursuant to their agreement, exercised its decision to seek extensions pursuant to the terms, and Defendant breached by not granting such extensions. (*See* ECF No. 1-2, Exhibit D at 15-16.) Plaintiff likewise seeks damages as a result. Thus, Plaintiff has pled the required elements for a breach of contract claim. It therefore follows that the implied covenant claim cannot survive, as discussed above for identical conduct.

Count Two seeks damages for § 466(1) of the Dealer Act, which provides,

> It shall be unlawful for a franchisor directly or indirectly to impose unreasonable restrictions on the franchised motor vehicle dealer relative to transfer, sale, right to renew or termination of a franchise, discipline, noncompetition covenants, site-control (whether by sublease, collateral pledge of lease or otherwise), right of first refusal to purchase, option to purchase, compliance with subjective standards and assertion of legal or equitable rights with respect to its franchise or dealership.

N.Y. Veh. & Traf. Law § 466(1).

Plaintiff alleges that Defendant violated this by imposing unreasonable restrictions on Plaintiff by not renewing its deadlines and thereby causing damages. Without more, these

allegations are conclusory. *See Gray*, 806 F. Supp. 2d at 627 ( "Plaintiffs' case is essentially that Defendant imposed unreasonable restrictions … and, without more, Plaintiffs' allegations do not state a claim for relief" under § 466(1)).

Counts Three and Four are both brought pursuant to a specific section of the Dealer Act. "The Dealer Act limits the circumstances and manner in which a franchisor may terminate, cancel, or refuse to renew the franchise of any franchised motor vehicle dealer." *Garrand Bros. LLC v. Am. Honda Motor Co.*, No. 23-CV-7343, 2024 WL 4691004, at *2 (2d Cir. Nov. 6, 2024).

Subsection 463(2)(g) provides,

"[i]t shall be unlawful for any franchisor, notwithstanding the terms of any franchise contract … [t]o sell or offer to sell any new motor vehicle to any franchised motor vehicle dealer at a lower actual price therefor than the actual price offered to any other franchised motor vehicle dealer for the same model vehicle similarly equipped or to utilize any device including, but not limited to, sales promotion plans or programs which result in such lesser actual price. Provided, however, the provisions of this paragraph shall not apply to sales to a franchised motor vehicle dealer for: (i) resale to any unit of government; or (ii) donation or use by said dealer in a driver education program. This paragraph shall not be construed to prevent the offering of incentive programs or other discounts provided such incentives or discounts are reasonably available to all franchised motor vehicle dealers in this state on a proportionately equal basis.

N.Y. Veh. & Traf. Law § 463(2)(g).

Subsection 463(2)(jj) provides,

[i]t shall be unlawful for any franchisor, notwithstanding the terms of any franchise contract: [t]o utilize a discriminatory, unreasonable, arbitrary or unfair system of allocation of new motor vehicle inventory. A franchisor shall communicate its system of allocation in writing in a clear and concise manner to all same line-make dealers located in this state.

N.Y. Veh. & Traf. Law § 463(2)(jj).

Plaintiff alleges that Defendant sold the same vehicles at a lower price to other dealerships but not to Plaintiff. (ECF No. 1-2, Exhibit D at 13-14, 17-18.) To that same end,

Defendant by not providing the AVP Discounts, deprived Plaintiff of the lower prices available. (*Id.* at 12-13.)  In addition, Plaintiff received less vehicles than other locations as well as less desirable vehicles. (*Id.* at 13.) This occurred despite Plaintiff's strong sales. (*Id.*) Nor did Defendant allocate "in writing in a clear and concise manner to all same line-make dealers located in this state." (*Id.* at 18.) With that, the Complaint sufficiently pleads a plausible claim to survive a motion to dismiss under 12(b)(6).

Accordingly, as most of the claims could survive a motion to dismiss, this factor weighs *against* granting the stay at this juncture. *See Combs v. Burgess*, No. 25-CV-650 (JPC), 2026 WL 205571, at *1 (S.D.N.Y. Jan. 27, 2026) ("Combs's Complaint does not appear to be plainly lacking in merit, and Combs's opposition has cited to several sources of authority that may potentially lead the Court to deny Nexstar's motion to dismiss.")

## II.    *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery, which as Defendant puts it would be comprised of "communications and records spanning over several years," causing extensive and substantial burdens as well as costs.  (ECF No. 20-1 at 13.) In addition, the allegations require Defendant "to engage in extensive, highly technical discovery spanning multiple years, custodians, and non-party sources, … [and] "retrieving, reconstructing, and analyzing multi-year historical allocation data across multiple BMW dealers." (ECF No. 22 at 7.) Plaintiff argues that mere speculation of a burden responding to discovery is not enough absent further evidence. (ECF No. 21 at 10.) The Court tends to agree. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs*, 2026 WL 205571, at *2.

9

Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases). It is not enough to reiterate the standard without providing the Court with a proper basis of why discovery would be burdensome. *See id.* Here, there are only two parties, one plaintiff and one defendant. In addition, there are only four claims, all of which have similar allegations stemming from the LOI and a discount program. *See Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Discovery in this case is accordingly tailored to that single claim and the associated events. It does not reach such a wide-breadth that good cause for a stay exists.")

Courts have granted stays of deposition discovery and expert discovery while a motion to dismiss is pending. *See e.g.*, *Combs*, 2026 WL 205571, at *2; *Choudhury*, 2025 WL 2977837, at *5. "That is because, in practice, those aspects of discovery tend to generate substantial work and expense, and are apt to occur late in the discovery process, by which point it is reasonable to forecast that the Court's decision on the motion to dismiss will have issued or be imminent." *Choudhury*, 2025 WL 2977837, at *5. Moreover, the possibility of the action being narrowed by the Court's ruling on the anticipated motion, could create burdensome efforts that may be unnecessary. Given the circumstances present here, granting a partial stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendants seek to dismiss the entirety

10

of the Complaint. Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting a partial stay.

### III.    *Risk of Unfair Prejudice*

This case is in its nascent stage, only commenced on January 12, 2026, and the Court has not yet held an Initial Conference. "With the exception of [Plaintiff's] recent service of its initial disclosures on February 12, 2026," discovery has not yet commenced in this matter appears no discovery has taken place. (*See* ECF No. 20-1 at 11.)  "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns if a stay is granted because each day Plaintiff suffers further financial harm and is at a competitive disadvantage due to Defendant's withholding of AVP Discounts. (ECF No. 21 at 11.) However, Defendants argue that nothing stated by Plaintiff suggests that a stay will interfere with obtaining discovery if the case is not dismissed. (ECF No. 22 at 8.) The Court is persuaded by Plaintiff's argument that allowing the stay would result in prejudice to Plaintiff because it would impair the right to prove the unlawful conduct Defendant is committing. (ECF No. 21 at 13.)  Indeed, "courts ofttimes grant in part a motion to stay discovery and permit limited discovery pending resolution of a dispositive motion." *Miller v.*

11

*Trans Union, LLC*, No. 25-CV-03370 (JS) (JMW), 2025 WL 2677078, at *4 (E.D.N.Y. Sept. 18, 2025). Therefore, limited discovery may proceed. Specifically, the parties shall exchange initial disclosures and conduct solely paper discovery. No depositions will be taken to avoid substantial expenses at this stage. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) ("The Court finds that this limited discovery will substantially limit the burden of discovery while avoiding any undue prejudice to Plaintiff.")

Accordingly, careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a partial stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 20) is **granted in part** and **denied in part**. The parties are directed to exchange Rule 26 initial disclosures to the extent that this has not been done, and conduct so-called paper discovery, including demands for documents, interrogatories and requests for admissions.  In the interim, deposition practice shall be held in abeyance pending determination of the motion to dismiss. The end date for paper discovery shall be May 29, 2026.  If the anticipated motion to dismiss is denied in any respect, the parties shall file a joint letter within five business days of that ruling outlining proposed dates and deadlines for the balance of the case for the Court's consideration.

Dated: Central Islip, New York
        March 3, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

12